NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1051
_____

UNITED STATES OF AMERICA

v.

JERRY STEVENS,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-08-cr-00625-002)
District Judge: Hon. Jan E. Dubois

Submitted Pursuant to Third Circuit LAR 34.1(a)
Monday, October 3, 2011

Before: McKEE, *Chief Judge*, FUENTES, *Circuit Judge*,
and COWEN, *Circuit Judge*

(Opinion Filed: November 10, 2011)

OPINION

McKEE, *Chief Judge*.

Jerry Stevens appeals his conviction arguing that the evidence admitted at trial was

insufficient to support his conviction. For the reasons set forth below, we will affirm.

**I.**

On April 18, 2006, Philadelphia Police Department Narcotics Strike Force officers

set up surveillance in the 1200 block of South 17th Street, within 1,000 feet of the Barratt

Middle School at 1599 Wharton Street. Officer Charles Myers monitored the block from the roof of a one-story bar. Officer Myers observed Stevens and co-defendant Ware engage in a conversation with an unknown male after which the male handed Stevens money. Ware then retrieved what appeared to be a clear baggie from a compartment on the driver's side door of a silver Monte Carlo parked nearby. Ware removed a small object from the baggie and handed it to the unknown male who left. Ware then returned the baggie to the Monte Carlo.

Shortly thereafter, another unknown male approached Stevens. The male spoke with Stevens and handed him money. Stevens then shouted something to Ware who again retrieved a clear baggie from the driver's side door compartment of the Monte Carlo. Ware removed a small object from the baggie and handed it to the unknown male who also left, and Ware placed the baggie in his pocket.

A few minutes later, a white Ford Explorer pulled up, and Stevens spoke with the driver. Thereafter, Officer Myers heard Stevens yell at Ware: "It's hot. They're round the corner." Ware and Stevens then walked away from the area, and Officer Myers instructed his backup officers to stop them. As uniformed officers approached the two men, Ware removed a baggie from his pocket and dropped it on the sidewalk.

Both Ware and Stevens were stopped by police. Police recovered $10 and keys to the Monte Carlo from Ware and $42 from Stevens. After Ware was placed in custody, Officer Myers sent another officer to the location where Ware had discarded the baggie. There, the officer found a clear baggie containing eight red-tinted packets of crack

2

cocaine.  The two unknown males who had engaged in transactions with Ware and Stevens were never apprehended by police.

Thereafter, a jury convicted Stevens of conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846, and aiding and abetting possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2, respectively, and possession of cocaine base within 1,000 feet of a school with intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 860 and 18 U.S.C. § 2, respectively.  This appeal followed.[1]

## II. Sufficiency of the Evidence

Because Stevens failed to preserve his sufficiency claim by filing a Rule 29 motion for judgment of acquittal before the district court, we review his claim for plain error.  *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001).  "A conviction based on insufficient evidence is plain error only if the verdict constitutes a fundamental miscarriage of justice."  *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir. 1999) (internal quotation marks omitted) (quoting *United States v. Barel*, 939 F.2d 26, 37 (3d Cir. 1991)).  In determining if the evidence is sufficient to sustain a conviction, "[w]e review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof beyond a reasonable doubt based on the available evidence."  *Wolfe*, 245 F.3d at 261 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

---

[1] The district court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291.

3

Stevens relies on *United States v. Thomas*, 114 F.3d 403 (3d Cir. 1997), in asserting that since he never handled the narcotics, the evidence only establishes that two unknown men handed him money for unknown reasons. He argues the fact the Government's failed to arrest the alleged purchasers undermines the Government's attempt to prove that he accepted money from them for cocaine or cocaine base.

To establish a conspiracy, the government must "prove beyond a reasonable doubt that the defendant had knowledge of the particular illegal objective contemplated by the conspiracy." *United States v. Cartwright*, 359 F.3d 281, 287 (3d Cir. 2004) (internal quotation mark omitted) (quoting *United States v. Idowu*, 157 F.3d 265, 266-67 (3d Cir. 1998)). We have "[consistently] overturned convictions for conspiracy in drug possession and distribution because of the absence of any evidence that the defendant had knowledge that drugs were involved." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *United States v. Mastrangelo*, 172 F.3d 288, 293 (3d Cir. 1999)). Similarly, in order to convict a defendant of aiding and abetting the possession and distribution of drugs, the Government must produce sufficient evidence that the defendant "had knowledge of the [drugs], had knowledge that [the co-defendant] intended to distribute or possess [drugs], or purposefully intended to aid others in committing the crime alleged." *Id.* (alteration in original) (internal quotation mark omitted) (quoting *United States v. Salmon*, 944 F.2d 1106, 1114 (3d Cir. 1991)). Circumstantial evidence alone is sufficient to support an aiding and abetting conviction "as long as there is a logical and convincing connection between the facts established and the conclusion inferred." *United States v. Mercado*, 610 F.3d 841, 846 (3d Cir. 2010)

4

(internal quotation marks omitted) (quoting *United States v. Soto*, 539 F.3d 191, 194 (3d Cir. 2008)).

We overturned the conviction in *Thomas* because the evidence only established that the defendant went into a hotel room to confirm the existence of a suitcase. There was no evidence that he knew the suitcase contained drugs. *Thomas*, 114 F.3d at 404-06. Likewise, in *Cartwright*, the evidence only established that Cartwright stood approximately 100 feet from where his co-defendant was selling drugs and acted as a lookout. *Cartwright*, 359 F.3d at 284. Cartwright did not interact with the buyers in any way, and the evidence did not support an inference that he knew the transaction involved narcotics instead of some other contraband. *Id.* at 288.

Here, however, a reasonable juror could have inferred that the small objects the two unknown men received from Ware were packets of crack cocaine, and Stevens' conduct certainly allows a reasonable juror to conclude beyond a reasonable doubt that he knew that the transaction involved crack cocaine even though he did not personally handle the drugs. Indeed, it is difficult to make sense of the behavior of Ware and Stevens without concluding that they were knowingly involved in drug sales.

### IV. Conclusion

For the reasons stated above, we will affirm.

5